IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOUIS HENDERSON, #23036847 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-cv-00929-X (BT) |
| | § | |
| DIRECTOR, TDCJ-CID | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Dallas County prisoner Louis Henderson, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.¹ ECF No. 3. The Court should dismiss Henderson's petition with prejudice under Rule 4 of the Rules Governing 2254 cases.

**Background**

Henderson challenges an unspecified conviction from 1983 that he claims resulted in a 20-year sentence. ECF No. 3 at 1. He did not appeal the sentence and conviction. ECF No. 3 at 2-3. He also claims that his parole was revoked in 1986, but—again—he fails to provide any specific information about that case. ECF No. 3 at 5. When asked to specify the grounds in support of habeas relief and the facts

---

¹ Henderson also moved for leave to proceed *in forma pauperis*, but he failed to include a completed certificate of his inmate trust account with his application. ECF No. 4. Because the petition lacks merit, the Court should dismiss it under Rule 4 and not try to obtain a complete IFP application.

in support of those claims, he responds "unknown," with no additional detail. ECF No. 3 at 6-7.

According to court records, however, it appears that Henderson was convicted November 24, 1986, in Dallas County of burglary of a building and sentenced to twenty years imprisonment. *State of Texas v. Louis Henderson*, F8687546 (Crim Dist. Court 2, Nov. 24, 1986); Details (dallascounty.org) (search for Louis Henderson; last visited April 17, 2024). He was released on parole in 1989, but subsequently violated his parole and was sentenced to an eight-year sentence for burglary of a vehicle. *See Henderson v. Dir.*, TDCJ-CID, 3:09-cv-741-G[2] (Doc. 9; Appendix A to the State's opposition to Henderson's request for habeas relief, containing authenticated summary of Henderson's TDCJ history up to 2009). He was released on mandatory supervision in 1996, but repeatedly violated the terms of mandatory supervision, resulting in several prison terms. *See id.*

---

[2] Henderson previously filed two federal applications in this district related to his 1986 burglary conviction. *See Henderson v. Quarterman*, 3:07-cv-00149-K; *Henderson v. Dir.*, TDCJ-CID, 3:09-cv-741-G. The court dismissed the 2007 petition because the claims were unexhausted; and, the court dismissed the 2009 petition because some claims were time-barred, and some were unexhausted. Thus, it is unclear whether Henderson's current petition is a successive petition requiring authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3)(A). Ultimately, because the nature of Henderson's claims is unclear, it is also unclear whether these claims could have been presented in the prior petitions (i.e., whether they were ripe), or whether they were previously dismissed as unexhausted. If the claims were not ripe at the time the prior petitions were filed or were dismissed as unexhausted, the claims would not be successive. *See Fielding v. Davis*, 2019 WL 1767338, at *1 (W.D. Tex. Apr. 22, 2019) (citing *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-44 (1998); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). Therefore, the Court cannot conclude that the instant petition is successive.

Currently, Henderson is awaiting trial in Dallas County on a charge of fraudulent use/possession of identifying information. *See State of Texas v. Louis Henderson*, F2358201 (Crim. Dist. Court 3, filed November 2, 2023) *see also* Search Results (dallascounty.org) (search for Louis Henderson; last visited April 17, 2024).

## Legal Standards and Analysis

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (citations omitted).

Here, because Henderson's petition is time-barred and substantively frivolous, the Court should dismiss it with prejudice under Habeas Rule 4.[3]

---

[3] The Court also notes that Henderson's 1986 sentence may have expired. That would pose a jurisdictional issue, as section 28 U.S.C. § 2241(c) requires that the petitioner be "in custody" under the conviction and sentence that he seeks to attack. And "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). But insofar as the Court may possess subject

1. <u>To the extent that Henderson challenges his 1986 burglary conviction, his petition is time-barred</u>.

Henderson references a 1983 conviction with a 20-year sentence. But Henderson did not receive a 20-year sentence in 1983; he received such a sentence in 1986. Thus, the Court liberally construes Henderson's petition as challenging his 1986 burglary conviction and sentence.

"[E]ven though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional," a district court may dismiss a time-barred Section 2254 application sua sponte under Habeas Rule 4. *Kiser*, 163 F.3d at 329. Before doing so, however, the district court must give the parties fair notice and an opportunity to present their positions. *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)) (alteration to original). These findings, conclusions, and recommendation provide Henderson fair notice, and the opportunity to file objections to them (further explained below) gives him a chance to explain why his case is not barred under the AEDPA's statute of limitations. *See, e.g.*, *Reyna v. Dir., TDCJ-CID*, 2021 WL 6297752, at *2 (N.D. Tex. Dec. 6, 2021), *rec. accepted* 2022 WL 60351 (N.D. Tex. Jan. 6, 2022).

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132,

---

matter jurisdiction, as explained, Henderson's habeas application is time-barred and meritless.

110 Stat. 1214 (1996). Under the statute, the limitations period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). Here, there is no sign that the provisions of § 2244(d)(1)(B)-(D) are implicated. As a result, § 2244(d)(1)(A) applies.

Henderson was convicted of burglary of a building on November 24, 1986. He did not appeal his conviction, so, for purposes of Section 2244(d)(1)(A), it became final 30 days after the date sentence was imposed. *See* Tex. R. App. P. 26.2 (in criminal cases in which the defendant does not file a motion for a new trial, the

defendant must file a notice of appeal within 30 days after the day the sentence is imposed).

And because Henderson's conviction became final before the AEDPA was enacted, his § 2244(d)(1)(A) limitations clock began to run on the day of the AEDPA's enactment—April 24, 1996. *See United States v. Flores*, 135 F.3d 1000, 1002-05 (5th Cir. 1998). Thus, Henderson's federal habeas application was due by April 24, 1997. *See Flanagan v. Johnson*, 154 F.3d 196, 199-202 (5th Cir. 1998). Henderson, however, did not file the instant petition until, at the earliest, April 9, 2024, which is the date it was stamped and apparently mailed to the Court. ECF No. 3 at 11. Therefore, absent statutory or equitable tolling, his petition is untimely.

With respect to statutory tolling, the filing of a state habeas application generally tolls the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2)); *Broussard v. Thaler*, 414 F. App'x 686, 687-88 (5th Cir. 2011) ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'") (quoting 28 U.S.C. § 2244(d)(2)).  In this case, Henderson filed two state habeas applications in the early 2000's related to the 1986 conviction. *See Ex parte Louis Henderson*, WR-47,553-02-03 (Tex. Crim. App. May 8, 2002 & Oct. 11, 2006). But because these were filed after the expiration of

6

the federal limitations period, they do not toll that limitations period. *See*, *e.g.*, *Scott*, 227 F.3d at 263. Thus, Henderson is not entitled to statutory tolling.

The one-year limitation period also is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis,* 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain,* 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Henderson fails to meet the high burden of showing that equitable tolling applies. In response to a question on his § 2254 petition asking why AEDPA's one-year limitations period does nor bar his petition, he simply responded "unknown" without any facts or explanation. ECF No. 3 at 8. And the Court can discern no basis to apply equitable tolling from the record.

In short, Henderson's petition, to the extent that it challenges his 1986 burglary conviction, is untimely, and the Court should dismiss it with prejudice.

7

2. <u>Alternatively, Henderson's federal habeas application is substantively meritless</u>.

In response to directions in his habeas application directing him to "state every ground on which you claim you are being held in violation of the Constitution, laws, or treaties of the United States" and to summarize the facts supporting each ground, Henderson states, "unknown" without explanation or further detail. ECF No. 3 at 6-7.

But to avoid summary dismissal under Habeas Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Camille v. US Immigr. and Customs Enf't*, 2021 WL 8315715, at *2 (W.D. La. July 9, 2021), *rec. accepted* 2021 WL 4134040 (W.D. La. Sept. 9, 2021) (citing advisory committee note to Habeas Rule 4, which quotes, in turn, *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)); *see also McNally v. O' Flynn*, 2012 WL 3230439, at *2 (W.D.N.Y. Aug. 6, 2012) ("Under Rule 4 of the Habeas Rules, a district court may summarily dismiss a petition where the allegations contained therein are 'patently frivolous or false, or vague or conclusory or palpably incredible.'") (citing *Dory v. Comm'r of Corr.*, 865 F.2d 44, 45 (2d Cir. 1989)).

Henderson has not alleged *any* facts, much less facts pointing to the real possibility of constitutional error. Thus, his petition fails to survive review under Habeas Rule 4, and—if the Court finds that his petition is timely—the Court should dismiss it with prejudice on the merits.

## Recommendation

The Court should sua sponte dismiss with prejudice Henderson's federal habeas application under Habeas Rule 4.

SO RECOMMENDED.

May 2, 2024.

                        REBECCA RUTHERFORD
                        UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.